**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES M. CUYLER,

      Plaintiff,

v.                               Case No. 8:25-cv-2168-TPB-CPT

STATE OF FLORIDA, et al.,

      Defendants.
_____/

**ORDER DISMISSING COMPLAINT**

This matter is before the Court *sua sponte* on Plaintiff James M. Cuyler's

complaint, filed on August 15, 2025. (Doc. 1). In his complaint, Plaintiff sues

Defendants the State of Florida, Judge Reinaldo Ojeda, Judge Mary Lou Cuellar-

Stilo, Attorney Walter Thomas, Attorney Andrew Cunningham, Lakeland Toyota

Fla. Dealership, Memorial Motors, Inc., and Flagship Credit Acceptance, LLC for

alleged constitutional violations stemming from state court actions in which he is or

was involved. He appears to claim that his rights under the Fourteenth

Amendment have been violated and he attempts to assert claims under 42 U.S.C. §

1983.

Based on the allegations of his complaint, it appears that Plaintiff is upset

over a car deal gone wrong. It appears that he entered into an agreement to

purchase a $23,985.36 used Dodge Challenger that included a down payment and

financing agreement. However, the financing arrangement fell through. Instead of

returning the vehicle, Plaintiff has retained the Dodge Challenger, leading to a

replevin lawsuit filed by Memorial Motors. He in turn has sued the private entities for breach of contract and violations of the Florida Deceptive and Unfair Trade Practices Act in state court.

The instant case really arises from two lawsuits – one in the Tenth Judicial Circuit in and for Polk County, Florida, and one in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The Polk County case was initiated by Plaintiff against Lakeland Toyota, Florida Dealership and Flagship Credit Acceptance, LLC and asserted claims for breach of contract and violations of the Florida Deceptive and Unfair Trade Practices Act related to the car deal. It appears Attorney Thomas Walter represented Lakeland Toyota in the lawsuit. The case was dismissed without prejudice by Judge Ojeda after Plaintiff failed to comply with court orders related to a proposed civil case management plan. Plaintiff filed an interlocutory appeal of the dismissal order, which is currently pending with the Sixth District Court of Appeal.

The Hillsborough County case was initiated by Memorial Motors, Inc. d/b/a Lakeland Toyota against Plaintiff, asserting only one cause of action seeking replevin of the vehicle. That case has been assigned to Judge Cuellar-Stilo. It appears that Memorial Motors is represented by Attorney Walter Thomas in that case. Plaintiff filed an answer and counterclaim in the Hillsborough County case. It appears that a default was entered against Memorial Motors based on its failure to answer Plaintiff's counterclaim, but a motion to vacate the default has been set for September 3, 2025. The case otherwise remains pending. Plaintiff has filed an

interlocutory appeal of Judge Cuellar-Stilo's order granting default against Memorial Motors, which is currently pending with the Second District Court of Appeal.

### *Judicial Immunity*

Plaintiff sues Judge Ojeda and Judge Cuellar-Stilo claiming that both judges have violated Plaintiff's constitutional rights through their judicial rulings. As the Eleventh Circuit explained:

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). Judges are also generally immune from injunctive and declaratory relief unless (1) a declaratory decree was violated or (2) declaratory relief is unavailable. *Id.* at 1242. "A judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).

*McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20, 2020). Importantly, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Considering the allegations in the complaint, the Court finds that Judge Ojeda and Judge Cuellar-Stilo are entitled to absolute judicial immunity. *See, e.g.,* *McCree*, 2020 WL 2632329, at *1-2 (holding that judge was entitled to absolute judicial immunity from injunctive relief and money damages where plaintiff alleged

that judge violated his constitutional rights by arbitrarily denying motion); *Bolin*, 225 F.3d at 1239-40 (holding that federal judges are entitled to absolute judicial immunity from injunctive relief and money damages for acts taken in their judicial capacity unless jurisdiction is clearly absent); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (explaining that judge will not be deprived of immunity even if action was in error, done maliciously, or in excess of his authority, and he is only subject to liability in the clear absence of all jurisdiction). Because Plaintiff's allegations emanate from actions taken (or not taken) by these judges in their official judicial capacity during proceedings over which they had jurisdiction, both judges are absolutely immune from civil liability. Consequently, the claims against Judge Ojeda and Judge Cuellar-Stilo are dismissed with prejudice.

***Non-Governmental Actors***

Plaintiff attempts to assert constitutional claims against Lakeland Toyota Fla. Dealership, Memorial Motors, Inc., and Flagship Credit Acceptance, LLC.[1] The Fourteenth Amendment provides, among other things, that no State shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." The Fourteenth Amendment therefore requires state action to support a claim for relief, and it does not apply to private entities. In this case, Plaintiff does not and cannot allege that these Defendants are state actors, or any facts that would demonstrate that their

---

[1] The Court notes that Plaintiff also sues the State of Florida, but he does not include any specific claims or allegations related to the State of Florida. And although he sues Attorney Andrew Cunningham in Count 4, it is unclear what connection – if any – Mr. Cunnigham has to the state court cases.

conduct could constitute state action.  Consequently, these claims are dismissed.
Because leave to amend would be futile, the dismissal is with prejudice.

### Conclusion

Although Plaintiff may certainly attempt to litigate these issues in the state
court cases, this situation does not provide Plaintiff any basis to sue the judges
involved in the state court lawsuits, the State of Florida, or to sue the private entity
defendants for alleged constitutional violations.[2]  This matter is simply
nonjusticable in a federal court.

### Vexatious Litigant Warning

**It appears that Plaintiff has a history of filing frivolous lawsuits, such as
this one.[3]  Plaintiff is warned that if he continues to file frivolous cases of this
nature in this Court, he may be subject to sanctions pursuant to Federal Rule of
Civil Procedure 11(c), including monetary sanctions or injunctive relief directing
the Clerk to not accept future filings by Plaintiff without first obtaining prior
leave of the Court.**

Accordingly, it is **ORDERED**, **ADJUDGED**, and **DECREED**:

1.  Plaintiff's claims against Judge Ojeda and Judge Cuellar-Stilo are

    **DISMISSED WITH PREJUDICE**.

2.  Plaintiff's complaint is **DISMISSED, WITHOUT LEAVE TO AMEND**.

---

[2] The Court takes no position on the propriety of the underlying state court lawsuits.
[3] See *Cuyler v. Pryor*, 8:25-cv-476-MSS-CPT (M.D. Fla. 2025) (dismissing case filed against
judges and clerks); *Cuyler v. Wilson*, 8:24-cv-660-TPB-AAS (M.D. Fla. 2024) dismissing case
filed against judges and attorneys).

3. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

   **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>22nd</u> day of August, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE